C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
            :
JAMES D. YOUNG,           :
            :
            :
                    Plaintiff,      :    **MEMORANDUM DECISION**
            :    **AND ORDER**
        - against -      :
            :    20-cv-917 (BMC) (LB)
EDWIN GOULD SERVICES FOR CHILDREN   :
AND FAMILIES,           :
            :
                    Defendant.      :
            :
------------------------------------------------------------ X

**COGAN**, District Judge.

Plaintiff *pro se* brings this age discrimination action against his former employer under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and New York City Human Rights Law § 8-101 *et seq*. Because plaintiff failed to timely file a charge with the EEOC prior to commencing this action, this case is dismissed.

## BACKGROUND

As alleged in his complaint, plaintiff *pro se* had spent fourteen years in defendant's employ at the time he was laid off at the age of 66. During that period, he worked as a bookkeeper in defendant's accounting department, primarily serving the STEPS program. When the accountant in charge of the OPWDD program was promoted, that account was transferred to plaintiff without additional compensation.

At one point, plaintiff was tasked with training a new hire in processing invoices. Sometime later, the fiscal director held an accounting department meeting during which he promoted plaintiff's former trainee to a supervisory role, skipping over plaintiff. Plaintiff went on to work under his former trainee for three years and claims that "almost every day he had

disrespected [plaintiff] openly in the presence of other employees" and "lied about [plaintiff] to" the other supervisors.

In another situation, plaintiff was called into a meeting with three supervisors and accused of "wrongfully coding the invoices." Plaintiff responded that no one ever complained about his coding and that he had continued to receive new invoices to code from other employees. One of the supervisors cut plaintiff off, telling him that he would be transferred to another account, which would require him to travel and perform additional work with no increase in pay. Defendant then began advertising a job opening in plaintiff's department while plaintiff's former trainee took over certain of plaintiff's responsibilities.

Finally, on the day after plaintiff turned 66 years old – July 7, 2017 – his supervisors threw him a surprise retirement party, with both birthday- and retirement-themed decorations hung on the walls. Plaintiff claims, however, that he "did not give them any indication that [he] was retiring." Defendant laid off plaintiff that same day, despite defendant's policy of laying off more recent hires first in the event of budget constraints. He maintains that "[t]he company laid me off right at my 66th birthday because of my age."

Plaintiff alleges that he did not receive a pay increase during the last eight years he worked for defendant, although he claims that "all the other employees" received pay increases during that time. Plaintiff also alleges that the month before he was laid off, he had requested nine vacation days that were ultimately denied him due to his supervisor "incorrectly submit[ing his] time and hours."

According to the exhibits attached to the complaint, plaintiff filed his EEOC charge on March 27, 2019 and the EEOC acknowledged receipt of the charge on May 24, 2019. He filed

2

the present complaint in the Southern District of New York, which court later transferred the complaint to this district.  Plaintiff seeks vacation pay, severance pay, and punitive damages.

Defendant has moved to dismiss the complaint on numerous grounds, including (1) failure to effect service within 90 days of filing the complaint; (2) failure to timely file an administrative charge with the EEOC; (3) failure to state a claim upon which relief can be granted; and (4) plaintiff's previous representation that he had no knowledge of any legal claims that may be brought against defendant.  Plaintiff has not opposed.

## DISCUSSION

A claim may not be brought under the Age Discrimination Employment Act "until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."  29 U.S.C. § 626(d)(1).  Furthermore, where the alleged discrimination occurred in New York State, "[s]uch a charge shall be filed . . . within 300 days after the alleged unlawful practice occurred . . . ."  Id. § 626(d)(1)(B); Duplan v. City of New York, 888 F.3d 612, 621 n.7 (2d Cir. 2018).

Here, plaintiff alleges discriminatory treatment up to the day he was laid off, "right at [his] 66th birthday," on July 7, 2017.  However, he filed his charge and written complaint with the EEOC on March 27, 2019,[1] 628 days after the latest-most discriminatory conduct alleged in his complaint.  Because plaintiff failed to timely file his charge with the EEOC, his ADEA claim must be dismissed.  See Riddle v. Citigroup, 449 F. App'x 66, 69 (2d Cir. 2011).

Pursuant to 28 U.S.C. § 1367(c)(3), I also dismiss plaintiff's remaining claim under the New York City Human Rights Law.  See Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir.

---

[1] The date plaintiff typed on his written complaint is February 18, 2019, but the receipt stamp shows March 27, 2019.  Regardless of which of these two dates is correct, the charge was untimely.

3

2010) ("We have said that if a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." (*colatus*[2])).

## CONCLUSION

Defendant's [10] motion to dismiss is granted. The Clerk is directed to enter judgment, dismissing plaintiff's federal claim on the merits and his NYCHRL claim without prejudice. Because this dismissal is a result of an unambiguous administrative default and plaintiff has not filed opposition to the motion, leave to amend is denied as futile.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                          _____
                                                                                         U.S.D.J.

Dated: Brooklyn, New York
           July 26, 2020

---

[2] I.e., edited citation.

4